UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH I. WELCH,<br><br>    Plaintiff,<br><br>    v.<br><br>HOUSING AUTHORITY OF THE COUNTY OF SACRAMENTO; and SACRAMENTO HOUSING AND REDEVELOPMENT AGENCY,<br><br>    Defendants. | No. 2:21-cv-00974-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiff Beth I. Welch's ("Plaintiff") Motion for Attorney's Fees. (ECF No. 36.) Defendant Sacramento Housing and Redevelopment Agency ("Defendant") filed an opposition. (ECF No. 38.) Plaintiff filed a reply. (ECF No. 39.) The parties also filed supplemental briefing in this matter. (ECF Nos. 42–44.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///
///
///
///
///

1

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This action arises from Defendant's termination of Plaintiff's housing assistance payment benefits.  (ECF No. 1.)  Plaintiff filed the operative First Amended Complaint ("FAC") on September 15, 2021, alleging claims for: (1) termination of housing assistance payments without notice and a hearing in violation of the Due Process Clause of the Fourteenth Amendment; (2) compulsory repayment of housing assistance payments without notice and a hearing in violation of the Due Process Clause of the Fourteenth Amendment; (3) termination of housing assistance payments without notice and a hearing in violation of 42 U.S.C. § 1437f and 24 C.F.R. § 982.555; and (4) compulsory repayment of housing assistance payments in violation of 42 U.S.C. § 1437f and 24 C.F.R. § 982.555.  (ECF No. 11 at 10–13.)  Plaintiff filed a motion for summary judgment on February 24, 2022.  (ECF No. 16.)

On August 11, 2022, the Court granted Plaintiff's motion for summary judgment as to Claims One and Three and denied the motion as to Claims Two and Four.  (ECF No. 21.)  Plaintiff subsequently informed the Court she wished to voluntarily dismiss Claims Two and Four.  (ECF No. 32.)  On December 7, 2022, the Court dismissed Claims Two and Four, closed the case, and entered judgment in Plaintiff's favor as to Claims One and Three.  (*Id.*)

On December 22, 2022, Plaintiff filed the instant motion for attorney's fees.  (ECF No. 36.)  The Court reviewed Plaintiff's motion and found Plaintiff provided insufficient evidence for the Court to calculate the lodestar amount.  (ECF No. 40.)  Accordingly, the Court ordered the parties to file supplemental briefs with evidence that would allow the Court to assess the reasonableness of Plaintiff's fee request.  (*Id.*)  The parties filed supplemental briefs as ordered.  (ECF Nos. 42–44.)  The matter is now fully briefed.

### II.  STANDARD OF LAW

In the Ninth Circuit, the starting point for determining reasonable attorneys' fees is the "lodestar" calculation, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.  *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  In determining a reasonable number of hours, the Court reviews detailed time records to determine whether the

hours claimed are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). In determining a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210–11.

In calculating the lodestar, the Court considers any relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976); *Jordan*, 815 F.2d at 1264 n.11 (the Ninth Circuit no longer requires a court to address every factor listed in *Kerr*). To the extent those factors are not addressed in the lodestar calculation, they may be considered in determining whether the award should be adjusted upward or downward once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1212. However, there is a strong presumption the lodestar figure represents a reasonable fee award. *Jordan*, 815 F.2d at 1262.

### III.  ANALYSIS

Plaintiff requests attorney's fees in the total amount of $70,770 based on the 158.2 hours attorney C. Nicole Murphy spent on the case at an hourly rate of $300 ($47,460) plus the 155.4 hours law clerk Cristie Anderson spent on this case at an hourly rate of $150 ($23,310). (ECF No. 36 at 4; ECF No. 42 at 3.) In opposition, Defendant argues "the requested fees are unreasonable based on [Plaintiff's] inability to justify the hours spent." (ECF No. 38 at 1; ECF No. 43 at 1.) The Court will address Plaintiff's requested hourly rates and hours expended in turn.[1]

####     A.     Hourly Rates

In determining the reasonableness of hourly rates, the Court refers to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers

---

[1] It is undisputed that Plaintiff is the prevailing party in this matter.

of reasonably comparable skill and reputation." *Jordan*, 814 F.2d at 1263. "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Courts rely on their own familiarity with the market in the district where the court sits. *Ingram*, 647 F.3d at 928; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.") (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

In the instant case, Plaintiff requests rates of $300 per hour for an attorney with 30 years of experience and $150 per hour for a law clerk. Defendant does not challenge these rates in its opposition. The Court concludes Plaintiff's requested rates are reasonable and consistent with previous awards for similar work in this district. *See, e.g.*, *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 n.1 (E.D. Cal. 2010) (approving rates of $525 for partners and $350 for an associate); *Franco v. Ruiz Food Products, Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, *20 (E.D. Cal. Nov. 27, 2012) (approving rates of up to $650 for partners, $405 for associates, and $100 for legal assistants); *McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, No. 1:16-cv-00157-DAD-JLT, 2017 WL 5665848, at *8 (E.D. Cal. Nov. 27, 2017) (awarding $350 per hour for an associate attorney and $525 for a partner); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452–53 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two to eight years of experience, $720 per hour for an attorney with 21 years of experience, and $100 per hour for legal assistants).

Therefore, the Court finds Plaintiff's requested rates are reasonable and commensurate with the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation.

    B.   Hours Expended

In her motion, Plaintiff contends attorney C. Nicole Murphy spent 158.2 hours on this case and law clerk Cristie Anderson spent 155.4 hours on the case. (ECF No. 36 at 5.) In the supplemental brief, Plaintiff attaches a declaration from attorney C. Nicole Murphy as well as billing records indicating how time was spent in this case in more detail. (ECF No. 42 4–9.) In

opposition to Plaintiff's supplemental brief, Defendant argues Plaintiff has still failed to show the number of hours worked were reasonably necessary. (ECF No. 43 at 2.)

Generally, a court should defer to counsel's professional judgment as to how much time was spent on the case. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Counsel is not required to record this time in great detail but must provide the general subject matter for the task performed. *Hensley*, 461 U.S. at 437 n.12. A court may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 484 (9th Cir. 1988). The party seeking the attorneys' fees bears the burden of producing documentary evidence demonstrating the number of hours spent on the litigation. *McCown v. City of Fontana Fire Dep't*, 565 F.3d 1097, 1102 (9th Cir. 2009). The burden then shifts to the opposition to submit evidence challenging the accuracy and reasonableness of the hours charged, the facts of the affidavit, and calculations. *Ruff v. Cnty. of Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

In the instant case, the Court finds Plaintiff met her initial burden to produce evidence showing how time was spent on this case. *McCown*, 565 F.3d at 1102. The Court has reviewed Plaintiff's billing records for insufficient documentation or excessive charges. After careful review, the Court finds Plaintiff's evidence adequately reflects the work product's general subject matter and sufficiently notes how the time was spent. *Hensley*, 461 U.S. at 437 n.12. The Court further finds Defendant fails to meet its shifted burden to submit evidence challenging the accuracy and reasonableness of the time spent. *Ruff*, 700 F. Supp. 2d at 1228. Defendant's opposition is devoid of evidence, legal authority, or meaningful analysis. Defendant merely raises general arguments about: (1) Plaintiff's evidence being "unverified, undated, and vague"; (2) the procedural history of the case; (3) and the time Defendant's counsel spent on the case compared to Plaintiff's counsel. (ECF No. 43 at 2–3.) Defendant's conclusory arguments fail to persuade the Court that Plaintiff's fee request should be denied or reduced.

In sum, the Court concludes the lodestar amount of $70,770 represents a reasonable fee award in this matter.

///

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorney's Fees in the full amount of $70,770. (ECF No. 36.)

IT IS SO ORDERED.

**DATE: June 1, 2023**

Troy L. Nunley
United States District Judge